772 F.2d 283
 120 L.R.R.M. (BNA) 2471, 103 Lab.Cas. P 11,567
 John MORRISON, Raymond Mayfield, Edward Vanover, Carl
Pisicrate, Harold Daugherty, and Charles Rodgers
(No. 84-5931), Carriage Ford, Inc. (Nos.
84-5959/6069), Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 84-5931, 84-5959 and 84-6069.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 19, 1985.
Decided Sept. 18, 1985.
 
 D. Patton Pelfrey, argued, Charles E. Allen, III (LEAD), Brown, Todd & Heyburn, Michael L. Boylan, argued, Louisville, Ky., for petitioners.
 Elliott Moore/David Fleischer, argued, Deputy Associate Gen. Counsel, Washington, D.C.
 Before LIVELY, Chief Judge; MERRITT and JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 A group of employees and their employer seek review of an order of the National Labor Relations Board, albeit on different grounds, and the Board has filed a cross-application for enforcement of its order. The employer is an automobile dealership and the petitioning employees were used-car salesmen. The Board found that the six used-car salesmen who are petitioners had voluntarily quit their employment after their working hours were changed by the employer. The Board also found that two other employees, new-car salesmen, were discharged or laid off for refusing to give testimony voluntarily against fellow employees in an investigation of unfair labor practice charges, in violation of Section 8(a)(1) and (4) of the National Labor Relations Act, 29 U.S.C. Sec. 158(a)(1) and (4). The Board's decision and order are reported at 272 NLRB No. 59 (1984).
 
 
 2
 The administrative law judge found that the six used-car salesmen, petitioners herein, were discharged for engaging in protective concerted activity, but the Board disagreed and found that they had voluntarily quit after a dispute over working hours. It is conceded by all the parties that the employer had the right to set the working hours of the salesmen. However, the petitioners contend that they were given no opportunity to even discuss the new working hours and were summarily discharged for questioning them. On the other hand, the Board found that the employer announced the new working hours and gave all employees, not just the six petitioners, the option of continuing to work the new hours or leaving their employment.
 
 
 3
 This court reviews the findings of the Board under the standard of substantial evidence and is required to uphold findings of fact made by the Board if so supported. Upon review of the entire record and consideration of the briefs and oral arguments of counsel this court concludes that the findings of the Board are supported by substantial evidence. At least three witnesses who were present at the meeting which resulted in separation of the petitioners from employment testified that all the employees were given the option of working the new hours or resigning, though there certainly was evidence in the record which would support a finding that the six used-car salesmen were discharged.
 
 
 4
 The employer seeks review of the finding by the Board that two salesmen, Wilson and Paige, were discharged or laid off as result of their refusal to assist the employer in defending against unfair labor practice charges brought by the six used-car salesmen. The record discloses that Wilson and Paige were two highly productive salesmen and that there was evidence that the reasons given by the employer for terminating or laying off these employees were pretextual. There is also evidence in the record from which it could be concluded that Wilson and Paige were terminated for legitimate reasons. Nevertheless, the record does contain substantial evidence which supports the Board's findings and they will not be disturbed on review.
 
 
 5
 Having concluded that all of the dispositive findings of the Board were supported by substantial evidence and that the Board explicated a rational basis for disagreement with the administrative law judge on the issue of the separation of the six used-car salesmen, this court affirms the findings of the Board.
 
 
 6
 The petitions for review are denied and the order of the Board is enforced.